IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| JAMES VAN CONNOR<br><br>Plaintiff<br><br>vs.<br><br>AFFORDABLE AUTO SHIELD, INC.<br><br>Defendant | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**(Jury Trial Requested)** |

Plaintiff James Van Connor ("Plaintiff"), on behalf of himself and all others similarly situated, makes the following allegations against Defendant Affordable Auto Shield, Inc. ("Defendant") based upon Plaintiff's own knowledge, information, attorney investigation, and belief:

### PRELIMINARY STATEMENT

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*.

3. Mr. Connor alleges that Defendant sent him multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA. Moreover, at least one of the calls was sent using a pre-recorded voice, which further violates the TCPA.

4. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed class of other persons who received similar calls.

## JURISDICTION

5. Plaintiff is a State of South Carolina resident.

6. Defendant Affordable Auto Shield, Inc. is a Delaware corporation that is registered with a Telemarketing Surety Bond in Florida and has a principal place of business at 1300 Old Congress Ave., West Palm Beach, FL 33409.

7. This Court has jurisdiction over this action because the sending of the phone calls at issue occurred from this Jurisdiction.

8. Venue is proper based on the sending of the calls at issue from this jurisdiction.

## THE TELEPHONE CONSUMER PROTECTION ACT

9. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

10. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic

telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## THE SOUTH CAROLINA TELEPHONE PRIVACY PROTECTION ACT

13. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

14. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

15. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## **FACTUAL ALLEGATIONS**

16. The Plaintiff is a natural person.

17. The Plaintiff's telephone number is (864) 862-XXXX.

18. That telephone number is assigned to a wireless service.

19. That telephone number has been on the National Do Not Call Registry since 2009.

20. That telephone number is used for residential purposes.

21. That telephone number is not associated with a business.

22. On at least November 15, 2022, the Plaintiff received a pre-recorded call from the Defendant.

23. The call was a generic pre-recorded call regarding auto warranties.

24. That is a service offered by the Defendant.

25. The pre-recorded message stated:

> Hello, my name is Chris and I'm calling regarding your vehicle service contract. You should have received several notices that your vehicle's coverage was about to expire and we wanted to offer a last courtesy call before your coverage expired. This would hold you financially responsible for all service repairs without your service coverage. Press one now if you wish to extend or reinstate the vehicle service contract on your vehicle.

26. It was a similar pre-recorded message that the Plaintiff has previously received.

27. The call was clearly pre-recorded because (a) there was a pause after Plaintiff picked up the phone so the recorded message could play (b) the recorded message had a monotone and consistent voice (c) the recorded message was generic and (d) the recorded message had an option to "press 1" in response to the recording.

28. The call was made from the Caller ID number 520-580-9481.

29. Other individuals have complained about receiving spam calls with a pre-recorded message. *See e.g.* https://lookup.robokiller.com/p/520-580-9481

30. After the pre-recorded message, the Defendant's employee promoted the "Platinum Plus Service Contract".

31. To confirm the solicitation, the Defendant sent the Plaintiff that contract.

32. The contract was from "AAS" and the salesperson was Fabrice Bataille, an employee of the Defendant.

33. No information demonstrating that the Plaintiff had consented to the call was provided.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

SCTPPA CLASS

All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) Defendant, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services.

TCPA ROBOCALL CLASS

All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant, or someone on their behalf, placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiffs.

35. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

36. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

37. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

38. There are questions of law and fact common to Plaintiff and the proposed classes, including:

   a. Whether the Defendant contacted numbers on the National Do Not Call Registry;

   b. Whether the Defendant made such calls to South Carolina area codes;

   c. Whether the Defendant made such calls with express written consent;

   d. Whether the Defendant's calls utilized a pre-recorded message; and

   e. Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

39. Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

40. Plaintiff is an adequate representative of the classes because his interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and he is represented by counsel skilled and experienced in litigating class actions.

41. The Defendant's actions are applicable to the class and to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Violation of SC Telephone Privacy Protection Act)**

42. The above allegations are repeated and realleged herein as if set forth herein.

43. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry, or by the fact that others did so on their behalf.

44. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from using a South preventing the Defendant from calling a South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## FOR A SECOND CAUSE OF ACTION
**Violations of 47 U.S.C. § 227(b)(3)**

45. Plaintiff repeats paragraphs 1-41 of this Complaint and incorporates them by reference herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making pre-recorded calls, except for emergency purposes, to the cellular telephones and telephone numbers charged per the call from the Plaintiff and members of the TCPA Robocall Class.

47. Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the TCPA Robocall Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

49.     Plaintiff and the members of the TCPA Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls utilizing a pre-recorded voice, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A.      That the Court certify the proposed classes;

B.      That the Court appoints Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the classes;

F.      That the Court enter a judgment permanently enjoining Defendant from the conduct requested above.

G.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $1,000 for each negligent violation of the SCTPPA and $5,000 for each knowing or willful violation;

I.      That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

J.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA and $1,500 for each knowing or willful violation;

K.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: December 14, 2022          PLAINTIFF, on behalf of himself

and others similarly situated,

*/s/ Avi R. Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 S. Dixie Hwy, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881